ACCEPTED
04-14-00547CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/16/2015 4:46:45 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00547-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/16/2015 4:46:45 PM
KEITH E. HOTTLE
Clerk

**IN THE COURT OF APPEALS
FOURTH SUPREME JUDICIAL DISTRICT
SAN ANTONIO, TEXAS**

_____

**IN THE INTEREST OF T.S.P., A CHILD**

_____

**APPELLANT'S
MOTION FOR REHEARING**

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now TAD DANA PERRY, Appellant, and files this Motion for Rehearing before the Panel, and would show the Honorable Court as follows:

In Appellant's Appeal to this Honorable Court the Appellant raised three independent grounds of error. *See* Brief for Appellant at 4, In the Interest of T.S.P., (2015) (No. 04-14-00547-CV). The first ground of error was sustained and this Court found that due to the failure of Appellee to introduce the payment record of the Attorney General that the trial court ruling was an "abuse of discretion" and this Court remanded the case to the trial court for a "determination" of the amount of child support due and owing by the Appellant. The Appellant's second ground of error addressed the issue of the award of arrearages for medical support. Appellant

alleged that the trial court erred in awarding medical support arrearages to the Appellee without there being a showing that the Appellee "complied with the written notice provisions of the various court orders that triggered Appellant's duty to pay increased medical support." *Id*. This Court did not address that ground of error, and it is the Appellant's second ground of error which, respectfully, needs to be reviewed.

This Court additionally ruled upon the third ground of error by ruling that the trial court's order mandating the payment of a "civil fine" to the Appellee was also improper and vacated the portion of the Order so mandating.

### GROUND FOR ERROR NUMBER TWO

The Appellant would assert that if this Court simply remands for "determination of the amount of child support arrearages and medical support arrearages to which [Appellee] is entitled," without further clarification of the issues related to the Appellee's failure of proof, the order to remand will relay to the trial court that this Court has concluded that Appellee is in fact entitled to the increases in medical support and the arrearages related thereto. *In the Interest of T.S.P.*, No. 04-14-00547-CV, 2015 WL 5037123 (Tex. App.—San Antonio Aug. 26, 2015) (mem. op.). This is despite the fact that Appellee failed to prove at trial that she complied with the Court Ordered conditions precedent to the said increases, as stated in Appellant's Ground for Error Number Two.

The Appellant would show that unlike Child Support which is calculated on a regular and systematic payment schedule unrelated to the conduct of each of the parties, the amount of Medical Support due and owing in this case is wholly regulated by the cost of the variable health insurance premiums. Any increases in the said premiums which may thereafter be due are set, in this case, by the performance of conditions precedent being performed by the Appellee. The Appellant would show that the original amount of Medical Support was calculated at $ 197.00 in the Final Decree of Divorce (C.R. at 16). Said amount was due and payable to the Appellee according to the tenor of the Court Orders on file at the time that the alleged increases were due. The Decree and each subsequent Amended Order set forth specific payment dates and amounts due. Additionally, and more importantly, the Court ordered the Appellant to pay "50% of any increases in the costs of insuring the child on MARSALIE PERRY'S health insurance and dental insurance plan, beginning on the first day of the month following the date TAD DANA PERRY receives written notice of the amount of the increase in premium from MARSALIE PERRY" (C.R. at 93). Accordingly, there could be no increase in the payment of the Medical Child Support unless the Appellee first properly gave "written notice of the amount of increase in premium" to Appellant and proved same by a preponderance of the evidence.

Appellant would show that the record contains direct questioning of the Appellee related to the performance of the conditions precedent to each alleged increase in Medical Support Payments. (R.R. at 88–89). The record further reflects a total failure of compliance with the conditions precedent by the Appellee. The response of Appellee that she "passed it along" to Appellant (R.R. at 89) clearly evidences that she failed to comply with written notice. It is the burden of the Appellee, Petitioner at trial, to prove by a preponderance of the evidence that she complied with the written notice provisions and the conditions precedent to each and every increase in medical premium due and payable as Medical Child Support by the Appellant. This issue was clearly raised by Appellant in trial and never proven or contradicted as to the failure of performance by Appellee. This Ground of Error Number Two evidences the failure of the Appellee's right to recover any arrearage based upon any increase in Medical Support Payments allegedly due and owing.

In order to support the arrearage award ordered by the court, the trial court had to find that on each occasion that the Appellee alleged that an increase in Medical Support payments was due that the Appellee had in fact complied with the court's Orders related to the commencement of the modified payment schedule. This alleged modification and increased payment by Appellant could only be brought about by the Appellee's written compliance with the conditions precedent

4

to the premium increase. The trial court implicitly found that the Appellee had in fact complied with the conditions precedent to said increase in order for the Attorney General's payment record on Medical Support to be accurate. It is this implicit finding of performance that, if not properly addressed by this Court, that will be relied upon by Appellee to simply introduce the Attorney General payment record as "proof" of the amounts due and owing for both Child Support and Medical Support. Unless the trial court so found by a preponderance of the evidence there could be no increase in Medical Support payments due and accordingly, there could be no arrearage based upon the increased payments due.

As a result, the Attorney General payment record cannot be the basis for simple "recalculation" of the Medical Support arrearages due as the amounts reflected therein are based upon the supposed compliance with Court ordered increases in Medical Support payments which don't exist in the record.

On remand, the trial court's determination of Medical Support Payments due, unlike Child Support, is not a mere question of arrearage "recalculation" based upon the Attorney General payment record. The payment record cannot be relied upon for the reason being that the record does not distinguish how each respective payment is applied, nor whether the increases in medical support were legally payable. The Attorney General payment record merely identifies the amount received by the Attorney General's Office and the date of the receipt of those funds.

The payment record therefore does not identify whether the payments received were applied to Child Support accrual or to Medical Support accrual, nor does the record identify what arrearages remain, if any at all. There is no calculation of any increase to Medical Support, nor does the payment record identify the original amount of Medical Support due. The record will reflect that the payment record of the Attorney General contains within its calculation only the amounts received from the Appellant (C.R. at 138–42), not what amounts are *due for Medical Support*.

Further, the record will reflect that Appellee agreed that the payment record does not reflect "what amount of money was paid to child support or what amount of money was paid to health insurance" (R.R. at 95–96). Therefore, the simple remand for the proper calculation of the amount of support allegedly due and owing would be tantamount to a finding that the Appellee properly proved up the conditions precedent to the increases in Medical Support on each and every occasion which the payment record of the Attorney General reflects.

Appellee should not have the opportunity to make an additional attempt at providing sufficient proof of an increase in payment amount or the arrearages related to medical support. As stated earlier, unlike Child Support payments, the Medical Support payments can only be calculated upon proof of the compliance with the Court orders related thereto. Appellant would assert that there can be no

retroactive increases in Medical Support payments or arrearages based thereon without proof of compliance *at the time the payments were due.*

## PRAYER FOR RELIEF

WHEREFORE, Appellant asks that this Court determine that Appellee failed to show compliance with conditions precedent and to remand to the trial court with an order denying relief for any arrearages related to premium increases over and above any amount not supported by written orders.

Appellant prays for any and all further relief at law or equity to which he may show himself justly entitled.

Respectfully submitted,
**ROBERT BARRERA P.C.**
424 East Nueva
San Antonio, Texas 78205
Telephone: (210) 244-5811
Facsimile: (210) 224-5890

_____/S/_____
ROBERT J. BARRERA
State Bar No. 01807500

**ATTORNEY FOR APPELLANT**
**TAD DANA PERRY**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of October, 2015 a true and correct copy of the foregoing was served on all parties in this case by fax, email, or mail.

/S/
ROBERT J. BARRERA
